UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x
                                                    :
JOHNSON GALLAGHER MAGLIERY, LLC,        :
                                                    :     Case No. 1:13-cv-00866-DLC
            Plaintiff,                       :
                                                    :
            v.                                  :
                                                    :     **ANSWER**
THE CHARTER OAK FIRE INSURANCE       :
COMPANY,                                    :
                                                    :
            Defendant.                       :
———————————————————————— x

Defendant The Charter Oak Fire Insurance Company ("Charter Oak") hereby responds to Plaintiff's Complaint, dated January 7, 2013, as follows:

1.      Charter Oak admits that Plaintiff has offices located in the building at 99 Wall Street, New York, New York.  Charter Oak denies the remaining allegations in Paragraph 1 for lack of sufficient information to form a belief as to the truth or falsity of the matters set forth therein, and leaves Plaintiff to its proof.

2.      Charter Oak admits that it is a corporation organized under the laws of the State of Connecticut with its principal place of business in Hartford, Connecticut.  Charter Oak admits that it is in the business of selling insurance.  Charter Oak denies any remaining allegations in Paragraph 2 and specifically denies that it is known as "Travelers."

3.      Charter Oak admits that it is licensed and authorized to issue commercial property insurance policies in the State of New York.  Charter Oak denies any remaining allegations in Paragraph 3.

4.      Charter Oak avers that the allegations in Paragraph 4 consist of a legal conclusion regarding personal jurisdiction in the state court, as to which no response is required.  To the extent a response is deemed to be required, Charter Oak admits that this Court has personal jurisdiction over it.

5.      Charter Oak avers that the allegations in Paragraph 5 consist of a legal conclusion regarding venue in the state court, as to which no response is required.  To the extent a response is deemed to be required, Charter Oak admits that venue is proper in this Court.

6.      Charter Oak avers that the allegations in the first sentence of Paragraph 6 consist of a description of the nature of the lawsuit that Plaintiff seeks to bring, as to which no response is required.  To the extent a response is deemed to be required, Charter Oak denies the allegations in the first sentence of Paragraph 6.  Charter Oak denies the allegations in the second sentence of Paragraph 6.  With respect to the third sentence of Paragraph 6, Charter Oak admits that it declined to provide coverage to Plaintiff for its Storm Sandy-related claim under Policy No. I-680-6290B676-COF-11 (the "Policy"), and denies the remaining allegations in the third sentence of Paragraph 6.

7.      Charter Oak denies the allegations in Paragraph 7.

8.      Charter Oak denies the allegations in Paragraph 8 as stated for lack of sufficient information to form a belief as to the truth or falsity of the matters set forth therein, and leaves Plaintiff to its proof.

9.      Charter Oak denies the allegations in Paragraph 9.

10.     Charter Oak admits that there was an electrical power outage affecting part of Manhattan following Storm Sandy.  Charter Oak denies the remaining allegations in Paragraph

10 for lack of sufficient information to form a belief as to the truth or falsity of the matters set forth therein, and leaves Plaintiff to its proof.

11.     Charter Oak denies the allegations in Paragraph 11 for lack of sufficient information to form a belief as to the truth or falsity of the matters set forth therein, and leaves Plaintiff to its proof.

12.     Charter Oak denies the allegations in Paragraph 12 for lack of sufficient information to form a belief as to the truth or falsity of the matters set forth therein, and leaves Plaintiff to its proof.

13.     Charter Oak denies the allegations in Paragraph 13 for lack of sufficient information to form a belief as to the truth or falsity of the matters set forth therein, and leaves Plaintiff to its proof.

14.     Charter Oak denies the allegations in Paragraph 14 for lack of sufficient information to form a belief as to the truth or falsity of the matters set forth therein, and leaves Plaintiff to its proof.

15.     Charter Oak denies the allegations in Paragraph 15 for lack of sufficient information to form a belief as to the truth or falsity of the matters set forth therein, and leaves Plaintiff to its proof.

16.     Charter Oak denies the allegations in Paragraph 16 as stated and avers that the Policy's terms, conditions, exclusions and limitations speak for themselves.

17.     Charter Oak denies the allegations in Paragraph 17 as stated and avers that the Policy's terms, conditions, exclusions and limitations speak for themselves.

18.     Charter Oak denies the allegations in Paragraph 18 as stated and avers that the Policy's terms, conditions, exclusions and limitations speak for themselves.

19.     Charter Oak denies the allegations in Paragraph 19 as stated and avers that the Policy's terms, conditions, exclusions and limitations speak for themselves.

20.     Charter Oak denies the allegations in Paragraph 20 as stated and avers that the Policy's terms, conditions, exclusions and limitations speak for themselves.

21.     Charter Oak denies the allegations in Paragraph 21 as stated and avers that the Policy's terms, conditions, exclusions and limitations speak for themselves.

22.     Charter Oak denies the allegations in the first sentence of Paragraph 22 as stated and avers that the Policy's terms, conditions, exclusions and limitations speak for themselves. Charter Oak denies the allegations in the second sentence of Paragraph 22.

23.     Charter Oak denies the allegations in Paragraph 23.

24.     With respect to the first sentence of Paragraph 24, Charter Oak admits that Plaintiff paid the premium for the Policy such that it was in effect at the time of Storm Sandy. Charter Oak denies the remaining allegations in the first sentence of Paragraph 24.  Charter Oak denies the allegations in the second sentence of Paragraph 24.  With respect to the third sentence of Paragraph 24, Charter Oak admits that, in a letter dated December 3, 2012, it declined coverage for Plaintiff's claim arising from Storm Sandy.  Charter Oak denies the remaining allegations in the third sentence of Paragraph 24 as stated and avers that the December 3, 2012 letter speaks for itself.  With respect to the fourth sentence of Paragraph 24, Charter Oak admits that Exhibit B to the Complaint is a copy of its December 3, 2012 letter to Plaintiff declining coverage for Plaintiff's Storm Sandy claim.

25.     Charter Oak denies the allegations in Paragraph 25.

26.     Charter Oak denies the allegations in Paragraph 26.

## First Cause of Action (Declaratory Judgment)

27.    Charter Oak's responses to the foregoing paragraphs are repeated and realleged as if fully set forth herein.

28.    Charter Oak avers that the allegations in Paragraph 28 consist of a description of the nature of Plaintiff's contention in this lawsuit, to which no response is required.  To the extent a response is deemed to be required, Charter Oak denies that Plaintiff is entitled to coverage under the Policy and denies any remaining factual allegations in Paragraph 28.

29.    Charter Oak admits the allegations in Paragraph 29.

30.    Charter Oak admits the allegations in Paragraph 30.

31.    Charter Oak admits the allegations in Paragraph 31.

32.    Charter Oak denies the allegations in Paragraph 32.

33.    Charter Oak denies that Plaintiff is entitled to a declaration that its insurance claim is covered under the Policy, and denies any remaining factual allegations in Paragraph 33.

## Second Cause of Action (Breach of Contract and Bad Faith Denial of Coverage)

34.    Charter Oak's responses to the foregoing paragraphs are repeated and realleged as if fully set forth herein.

35.    Charter Oak admits the allegations in Paragraph 35.

36.    Charter Oak denies the allegations in Paragraph 36.

37.    Charter Oak denies the allegations in Paragraph 37.

38.    Charter Oak denies the allegations in Paragraph 38.

39.    Charter Oak denies the allegations in Paragraph 39.

40.    Charter Oak denies the allegations in Paragraph 40.

41.    Charter Oak denies the allegations in Paragraph 41.

42.    Charter Oak denies the allegations in Paragraph 42.

43.    Charter Oak denies the allegations in Paragraph 43.

44.    Charter Oak denies the allegations in Paragraph 44.

Charter Oak avers that no response is required to the prayer for relief that follows

Paragraph 44 of the Complaint.  To the extent a response is required, Charter Oak denies that

Plaintiff is entitled to any of the relief sought, and denies any factual allegations contained in the

prayer for relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the following exclusion in the Policy:

We will not pay for loss or damage caused directly or indirectly by any of the
following.  Such loss or damage is excluded regardless of any other cause or
event that contributes concurrently or in any sequence to the loss.  These
exclusions apply whether or not the loss event results in widespread damage or
affects a substantial area.

**g.  Water**

**(1)** Flood, surface water, waves, tides, tidal waves, overflow of any body of
water, or their spray, all whether driven by wind or not;
. . .
**(3)** Water or sewage that backs up or overflows from a sewer, drain or sump;
or
**(4)** Water under the ground surface pressing on, or flowing or seeping
through:
**(a)** Foundations, walls, floors or paved surfaces;
**(b)** Basements, whether paved or not; or
**(c)** Doors, windows or other openings;

all whether naturally occurring or due to man made or other artificial causes.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the following exclusion in the Policy:

We will not pay for loss or damage caused directly or indirectly by any of the following.  Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss.  These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

**e.  Utility Services**

The failure or fluctuation of power or other utility service supplied to the described premises, however caused, if the cause of the failure or fluctuation occurs away from the described premises.

But if the failure or fluctuation of power or other utility service results in a Covered Cause of Loss, we will pay for the loss or damage resulting from that Covered Cause of Loss.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the following exclusion in the

Policy:

We will not pay for:

. . .

**b.**        Any other consequential loss.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the following exclusion in the

Policy:

**A.**        The EXCLUSIONS contained in Section B, of the BUSINESSOWNERS PROPERTY COVERAGE SPECIAL FORM are amended as follows:

**1.**        The following exclusion is added to **B.2.**:

We will not pay for loos or damage caused by or resulting from "fungus", wet rot or dry rot.  However this exclusion does not apply when "fungus", wet rot or dry rot results from a Covered Cause of Loss.

**2.**        Under exclusion **B.2.d.(2)**, reference to "fungus, et rot or dry rot" is deleted.

7

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in part, by the following exclusion in the Policy:

> e.    Coverage for Business Income and Extra Expense does not apply to any loss or increase in loss caused by direct physical loss of or damage to "Electronic Data Processing Data and Media", except as provided in the interruption of Computer Operations Coverage Extension.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the following exclusion in the Policy:

> 2.    We will not pay for loss or damage caused by or resulting from any of the following:
>
>    . . .
>
> b.    Delay, loss of use or loss of market.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in part, by the following exclusion in the Policy:

> 2.    We will not pay for loss or damage caused by or resulting from any of the following:
>    . . .
>
> k.    Discharge, dispersal, seepage, migration, release or escape of "pollutants" unless the discharge, dispersal, seepage, migration, release or escape is itself caused by any of the "specified causes of loss".  But if the discharge, dispersal, seepage, migration, release or escape of "pollutants" results in a "specified cause of loss", we will pay for the loss or damage caused by that "specified cause of loss".
>
> This exclusion, **k.** does not apply to damage to glass caused by chemicals applied to the glass.

8

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the following exclusion in the Policy:

3.     We will not pay for loss or damage caused by or resulting from any of the following under Paragraphs **a.** through **c.**  But if an excluded cause of loss that is listed in Paragraphs **a.** and **b.** below results in a Covered Cause of Loss, we will pay for the resulting loss or damage caused by that Covered Cause of Loss.

          a.     Weather conditions, but this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in Paragraph **B.1** above to produce the loss or damage.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the limits of any applicable insurance coverage provided by the Policy and subject to all applicable deductibles as provided for in the Policy.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim are barred, in whole or in part, to the extent the loss alleged in the Complaint or any portion thereof is barred by the applicable terms, conditions, limitations and exclusions of the Policy.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Charter Oak hereby demands a trial by jury on all claims so triable.

Dated: February 13, 2013

ROBINSON & COLE LLP

By:  /s/ Wystan M. Ackerman               
      Stephen E. Goldman (SG9079)
      E-mail: sgoldman@rc.com
      Wystan M. Ackerman (WA8267)
      E-mail: wackerman@rc.com
      Laura A. Torchio (LT1983)
      E-mail: ltorchio@rc.com
      280 Trumbull Street
      Hartford, CT 06103
      (860) 275-8200

      Attorneys for Defendant
      The Charter Oak Fire Insurance Company

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 13, 2013 a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

A copy of the foregoing was also mailed by first-class mail, postage prepaid, to:

      Peter J. Gallagher
      John M. Magliery
      Derek McNally
      Johnson Gallagher Magliery LLC
      99 Wall Street, 15th Floor
      New York, NY 10005

      /s/ Wystan M. Ackerman